# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

V.

**MONSHAUN NORWOOD**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:12-CR-189

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

At age 32, defendant has spent a considerable portion of his life in Lansing, as well as Detroit. He has no substantial record of employment, however, nor does he have an established residence. A friend, who has two children, ages 4 and 2, has offered to let him stay at her residence, but defendant's previous convictions for window peeping, indecent exposure, assault with intent to commit criminal sexual conduct, 2nd degree, failing to comply with CSC reporting requirements, and prowling, preclude the court from giving serious consideration to placing defendant in the home with two very young children. Defendant is presently being investigated by the Lansing Police Department (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community if defendant is released, in light of the fact he appears to be a sexual predator involved with the distribution of drugs and the possession of a firearm and body armor, and particularly in light of the fact that on two prior occasions while under court-supervised (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 31, 2012

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:12-cr-00189-RHB ECF No. 13 filed 09/06/12 PageID.19 Page 2 of 2

United States v. **MONSHAUN NORWOOD**
1:12-CR-189
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

as a serial rapist of four women. He has been exonerated regarding a fifth rape.

Of particular concern to the court is the fact that while defendant was on bond to another court for a charge of breaking and entering, he committed an assault with intent to commit criminal sexual conduct, 2nd degree. Defendant also admitted that he was on probation when the present offenses were alleged to have been committed. In the present case, defendant has admitted that he traded crack cocaine for the gun that was found in his possession. Other drug preparation material was also found as well as body armor.

**Part II - Written Statement of Reasons for Detention** - (continued)

release, he has committed new violations.